1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

SCOTT PINK (S.B. #122383)
spink@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road,
Menlo Park, California 94025
Telephone:    (650) 273-2600
Facsimile:    (650) 273-2601

Attorneys for Defendant
HARD ROCK CAFE INTERNATIONAL (USA), INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA KING, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>HARD ROCK CAFE INTERNATIONAL (USA), INC.,<br><br>        Defendant. | Case No. _____<br><br>**HARD ROCK CAFE INTERNATIONAL (USA) INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>[Filed concurrently with Declaration of Randall W. Edwards; Declaration of Robert Fracassa, Civil Cover Sheet; and Corporate Disclosure Statement; Proof of Service]<br><br>(Sacramento County Superior Court Case No. 24STCV004071) |

# TABLE OF CONTENTS

**Page**

I.   CLASS ACTION FAIRNESS ACT JURISDICTION. ......................................... 3

    A.   Plaintiff's Proposed Class Consists of More Than 100 Members. ........ 3

    B.   Diversity of Citizenship is Established. ......................................... 3

    C.   The Aggregate Amount-in-Controversy Exceeds $5,000,000 ............... 4

    D.   No CAFA Exceptions Apply ......................................................... 6

II.  VENUE. ..................................................................................... 7

III. PROCEDURAL REQUIREMENTS. ................................................... 7

IV.  CONCLUSION. .......................................................................... 7

# TABLE OF AUTHORITIES

**Page**

<u>Cases</u>

*Behrazfar v. Unisys Corp.*,
   687 F. Supp. 2d 999 (C.D. Cal. 2009) ........................................................................ 4

*Brodsky v. Apple*,
   2019 WL 4141936 (N.D. Cal. Aug. 30, 2019) ........................................................ 5

*Dart Cherokee Basin Operating Co. v. Owens*,
   135 S. Ct. 547 (2014) ............................................................................................... 2

*Fritsch v. Swift Transp. Co. of Ariz.*,
   899 F.3d 785 (9th Cir. 2018) .................................................................................. 6

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ................................................................................ 6

*Henry v. Cent. Freight Lines, Inc.*,
   692 F. App'x 806 (9th Cir. 2017) ........................................................................... 4

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) .................................................................................................. 3

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020) .................................................................................. 4

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ................................................................................................ 4

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................................. 6

<u>Statutes</u>

28 U.S.C. § 1332 ............................................................................................................... 1

28 U.S.C. § 1332(c)(1) ...................................................................................................... 3

28 U.S.C. § 1332(d) .................................................................................................. 2, 4, 6, 7

28 U.S.C. § 1332(d)(2) .................................................................................................. 3, 4

28 U.S.C. § 1332(d)(2)(A) ................................................................................................ 4

28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) ............................................................................... 6

28 U.S.C. § 1332(d)(4)(B) ................................................................................................ 6

28 U.S.C. § 1332(d)(5)(B) ............................................................................................ 2, 3

28 U.S.C. § 1332(d)(6) ...................................................................................................... 4

28 U.S.C. § 1441 ......................................................................................................... 1, 6, 7

28 U.S.C. § 1441(a) ........................................................................................................... 7

28 U.S.C. § 1446 ..................................................................................................... 1, 2, 6, 7

NOTICE OF REMOVAL

# TABLE OF AUTHORITIES
## (continued)

**Page**

28 U.S.C. § 1446(a) ............................................................................................. 1, 7

28 U.S.C. § 1446(b) ................................................................................................. 2

28 U.S.C. § 1446(b)(1) ............................................................................................ 7

28 U.S.C. § 1446(c) ............................................................................................. 2, 7

28 U.S.C. § 1446(d) ................................................................................................. 7

28 U.S.C. § 1453 .......................................................................................... 1, 2, 6, 7

28 U.S.C. § 84(c) ..................................................................................................... 6

Cal. Civ. Proc. Code § 53.5 ..................................................................................... 1

Cal. Penal Code § 637.2 .......................................................................................... 4

Cal. Penal Code §§ 630-638.55 .............................................................................. 1

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. §§ 1446 and 1453, defendant Hard Rock Cafe International (USA), Inc. ("Hard Rock") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 and states the following grounds for removal:

1.      On March 4, 2024, Plaintiff Christina King filed her complaint against Hard Rock in the Superior Court of the State of California, County of Sacramento. The matter was given Case No. 24STCV004071 and assigned to the Honorable Jill H. Talley in Department 23 ("State Court Action"). Under 28 U.S.C. § 1446(a), attached as Exhibits 1-10 to the Declaration of Randall W. Edwards submitted concurrently herewith, are copies of all proceedings, pleadings, and orders served in the State Court Action. *See* Declaration of Randall W. Edwards ("Edwards Decl.").

2.      This case is brought by Plaintiff as a proposed class action for damages and penalties under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630-638.55, ostensibly on behalf of Plaintiff and other putative class members. In the Complaint, Plaintiff brings two claims arising from Hard Rock's alleged use of Facebook's Business Tools on www.hardrockhotels.com. First, Plaintiff alleges that Hard Rock violated Section 631(a) when it purportedly "aided, agreed with, employed, permitted, or otherwise enabled Facebook to wiretap Plaintiff and Class Members using [Facebook's] Business Tools" to "promote and improve [Facebook's] advertising platform" without Plaintiff's or putative class members' consent. *See* Compl. ¶¶ 88-96. Second, Plaintiff alleges that Hard Rock violated Section 632 because Facebook's Business Tools are allegedly a "recording device" that was impermissibly used to "eavesdrop" on Plaintiff's "confidential" information; specifically, she alleges that her "guest record" on www.hardrockhotels.com is "confidential" under Cal. Civ. Proc. Code § 53.5. Based on the allegations in the Complaint, Plaintiff seeks an order certifying the putative class and awarding damages, restitution, injunctive relief, and attorneys' fees, interest, and costs.

1

3.      On March 13, 2024, Plaintiff served Hard Rock with the Complaint.  On April 5, 2024, the parties filed a Stipulation to Extend Time to Respond to Complaint.  Other than the documents attached as Exhibits 1-10 to the Edwards Declaration, no other pleadings, proceedings, or orders have been filed and served in this action, and no other defendant has been named or served.  This Notice of Removal has been filed within 30 days of the March 13 service of the Complaint upon Hard Rock, and, as no other defendants have been named, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days of service of the Complaint upon the first defendant has been satisfied.  In addition, this Notice of Removal has been filed within one year of the commencement of the State Court Action (March 4, 2024) as required by 28 U.S.C. § 1446(c).

4.      Hard Rock denies liability on all claims alleged in this action, denies that class certification is proper, denies that Plaintiff and putative class members have been injured in any amount, and reserves all rights to dispute the claims.  However, for purposes of meeting the jurisdictional requirements of removal under Class Action Fairness Act ("CAFA"), what matters are Plaintiff's claims, not Hard Rock's ultimate arguments on the merits against the claims.  Thus, for purposes of removal and subject-matter jurisdictional analysis *only*, Hard Rock submits that this Court has subject-matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), over the claims alleged in this action.  This is a putative class action in which:  (a) there are 100 or more members in Plaintiff's proposed class; (b) at least some members of the proposed class, including Plaintiff, have a different citizenship than Hard Rock; and (c) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000, exclusive of interests and costs.  28 U.S.C. §§ 1332(d), 1446, 1453; *see also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.") (internal quotations omitted).

2

I.     **CLASS ACTION FAIRNESS ACT JURISDICTION.**

   A.     **Plaintiff's Proposed Class Consists of More Than 100 Members.**

   5.     For CAFA jurisdiction to attach, the number of all proposed putative class members in the aggregate must equal or exceed one hundred.  28 U.S.C. § 1332(d)(5)(B).  Here, Plaintiff defines the putative class (the "Class") in this action as follows:  "all California residents who have a Facebook account and accessed and navigated the Website [defined as www.hardrockhotels.com] while in California" (collectively, the "Class" or "Class Members").  *See* Compl. ¶¶ 1, 79.

   6.     Between March 2023 and March 2024, there were over 1 million visits to www.hardrockhotels.com from IP addresses within the state of California.  Declaration of Robert Fracassa ("Fracassa Decl.") ¶ 6.

   7.     Plaintiff also alleges that there are "at least thousands of individuals" comprising the Class.  *Id.* ¶ 81.

   8.     Thus, there are well over the 100 putative class members required for removal under CAFA.  28 U.S.C. § 1332(d)(5)(B)

   B.     **Diversity of Citizenship is Established.**

   9.     Diversity of citizenship is established pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff is a citizen of California, the members of the proposed class are California residents, and Hard Rock is not a citizen of California.

   10.     Plaintiff is a "resident and citizen of Sacramento, California," and is therefore a citizen of California for diversity of citizenship purposes.  Compl. ¶ 3.

   11.     Plaintiff seeks to represent a class of California residents.  *Id.* ¶ 79.

   12.     For purposes of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principal place of business."  28 U.S.C. § 1332(c)(1).

   13.     A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" or its "nerve center," and "[i]n

3

1    practice it should normally be the place where the corporation maintains its headquarters." *Hertz*

2    *Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

3    14.    As noted above, Hard Rock is a Florida corporation and its principal place of

4    business is Florida.  Fracassa Decl. ¶¶ 2-3.  Hard Rock is therefore a citizen of Florida.  Compl.

5    ¶ 4.

6    15.    Because Plaintiff is a citizen of California who sues on behalf of a California class,

7    while Hard Rock is a citizen of Florida, at least one, if not all, Class Members and Hard Rock are

8    diverse from one another, satisfying 28 U.S.C. § 1332(d)(2)(A)'s minimal diversity requirement.

9    **C.    <u>The Aggregate Amount-in-Controversy Exceeds $5,000,000.</u>**

10    16.    For purposes of meeting the jurisdictional requirements of removal ***only***, Hard

11    Rock submits that the aggregate amount "in controversy" for all Class Members exceeds the sum

12    or value of $5,000,000.  28 U.S.C. § 1332(d)(2).  "In any class action, the claims of the individual

13    class members shall be aggregated to determine whether the matter in controversy exceeds the

14    sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6); *Standard*

15    *Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

16    17.    To determine the amount in controversy, the court must "accept[] the allegations

17    contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's

18    favor on every claim."  *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017).

19    "The removing party's burden is not daunting, and defendants are not obligated to research, state,

20    and prove the plaintiff's claims for damages."  *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999,

21    1004 (C.D. Cal. 2009) (internal quotations omitted).

22    18.    Here, Plaintiff seeks statutory damages under California Penal Code section 637.2

23    of $5,000 for each alleged violation of California Invasion of Privacy Act ("CIPA"), as well as

24    restitution, injunctive relief, and attorneys' fees, interest, and costs on behalf of herself and the

25    Class Members.  Compl. ¶¶ 97, 108, Prayer for Relief.  Accepting Plaintiff's allegations as true,

26    the amount placed in controversy exceeds the $5,000,000 threshold for CAFA removal, as

27    described below.  *See* 28 U.S.C. § 1332(d).

28

4

19.    In establishing that the amount in controversy exceeds the $5,000,000 CAFA threshold, Hard Rock makes the following reasonable assumptions based on the Complaint and the facts regarding the California residents at issue in the Complaint. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (noting that defendant is permitted to "rely on reasonable assumptions" in making showing on the amount in controversy for CAFA removal).

a.    Each member of the putative class has a claim for at least $5,000, as each of Section 631 and Section 632 may allow for statutory damages in that amount if all statutory elements are proven. *See* Cal. Penal Code § 637.2. As such, even a proposed class of 1,000 members should establish an amount in controversy, even before considering attorney fees, costs, and other amounts potentially recoverable.

b.    The putative class, as defined by Plaintiff, comprises all California residents that "accessed and navigated" www.hardrockhotels.com during the relevant time period. Compl. ¶ 79.

c.    Plaintiff alleges that the Class is composed of "at least thousands of individuals." *See id.* ¶ 81.

d.    Hard Rock believes Plaintiff's allegations of the number of proposed class members is conservative. The relevant time period starts on March 4, 2023 and goes through the filing of the Complaint in March 4, 2024 because CIPA is subject to a one-year statute of limitations. *See Brodsky v. Apple*, 2019 WL 4141936, at *11 (N.D. Cal. Aug. 30, 2019).

e.    Between March 2023 and March 2024, there were over 1 million visits to www.hardrockhotels.com from IP addresses within the state of California. Fracassa Decl. ¶ 6.

f.    Hard Rock assumes for purposes of removal *only* that, at a minimum, 2,000 of those over 1 million website visitors from California IP addresses would be included in the putative class given Plaintiff's allegations.

5

NOTICE OF REMOVAL

20.    Plaintiff alleges that Hard Rock violated Section 631(a) and Section 632.  Compl. ¶ 93-96.  Plaintiff further alleges that, as a result, Plaintiff and Class Members "have been injured" and therefore seek "statutory damages of $5,000 for each of [Hard Rock's] violations of that section. *Id.*¶ 97.  Assuming that **1,000** Class Members "have been injured" by Hard Rock's alleged violation of Section 631(a) or of 632, Plaintiff's demand for damages puts into controversy at least **$5,000,000**.

21.    The amount in controversy also includes any attorneys' fees that may reasonably be awarded to Plaintiff's counsel.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).  The Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees, which may be relied upon by defendants for purposes of removal.  *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).

22.    In sum, while Hard Rock contends that Plaintiff's claims have no merit and cannot be certified for class treatment, because the amount in controversy in this action is at least $5,000,000, the jurisdictional threshold under CAFA is satisfied and removal is proper.  *See* 28 U.S.C. § 1332(d).

**D.    No CAFA Exceptions Apply.**

23.    CAFA contains certain jurisdictional exceptions, but none apply here.

24.    The "Local Controversy Exception" does not apply to the present case because Hard Rock is not a citizen of California, the state in which the action was originally filed.  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

25.    The "Home State Exception" also does not apply to this case because Hard Rock, the sole and primary named defendant, is not a citizen of California, the state in which the action was originally filed.  *See* 28 U.S.C. § 1332(d)(4)(B).

26.    Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C. § 1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

**II.    VENUE.**

27.    Plaintiff's State Court Action was commenced in the Superior Court of the State of California for the County of Sacramento and, under 28 U.S.C. §§ 84(c), 1446, and 1453, may be removed to this United States District Court for the Eastern District of California, which embraces Sacramento County within its jurisdiction.

**III.    PROCEDURAL REQUIREMENTS.**

28.    Hard Rock satisfies the procedural requirements for removal.

29.    Pursuant to 28 U.S.C. § 1441(a), Hard Rock has removed this case to the district and division embracing the place where the State Court Action is pending.

30.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the State Court Action are attached as Exhibits 1-10 to the Declaration of Randall W. Edwards.

31.    Pursuant to 28 U.S.C. § 1446(b)(1), (c), this Notice of Removal is timely because it was filed within thirty (30) days of service of the Complaint on Hard Rock and within one year of commencement of the action.

32.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff's counsel and a copy filed with the Clerk of Court for Department 23 of the Superior Court of the State of California, County of Sacramento.

**IV.    CONCLUSION.**

33.    Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, the State Court Action may be removed to federal district court, and Hard Rock respectfully requests that it be so removed.

WHEREFORE, Hard Rock respectfully gives notice of and removes this action to this Court.

Dated:  April 12, 2024

O'MELVENY  &  MYERS  LLP
By:    */s/ Randall W. Edwards*
    Randall W. Edwards

*Attorney for Defendant Hard Rock
Cafe International (USA), Inc.*

7