UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA KING,<br><br>              Plaintiff,<br><br>     v.<br><br>HARD ROCK CAFE INTERNATIONAL (USA), INC.,<br><br>              Defendant. | No. 2:24-cv-01119-DC-CKD<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SEAL<br><br>(Doc. No. 35) |

On June 30, 2025, Plaintiff filed a request to file under seal the unredacted second amended complaint and accompanying exhibits that she filed that same day without first obtaining authorization from the court to do so (Doc. No. 36). (Doc. No. 35.) Defendant did not submit any opposition to Plaintiff's request to seal. For the reasons explained below, the court will deny Plaintiff's request to file under seal the unredacted second amended complaint and accompanying exhibits that she filed on June 30, 2025, and will order that unauthorized filing be stricken.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such as a complaint and exhibits thereto, where that party shows "compelling reasons" to support

1

maintaining secrecy of those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*, No. 8:24-cv-02684-FWS-ADS, 2025 WL 819070, at *1 (C.D. Cal. Feb. 4, 2025) (applying "compelling reasons" standard to a request to seal the complaint and explaining that "because a complaint is 'the foundation of a lawsuit,' the court concludes that it is more than 'tangentially related to merits' of the case") (citation omitted). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Plaintiff asserts that her request to seal is appropriate because her second amended complaint "describe[s] the precise dates she booked a hotel, the hotel location, the number of guests she had, and the dates that she checked in and out of that hotel." (Doc. No. 35 at 2.) Plaintiff contends the information contained in her unredacted second amended complaint and accompanying exhibits constitute "guest record" information "designated as private and confidential pursuant to California Civil Code § 53.5." (*Id.*) California Civil Code section 53.5(a) provides that a "hotelkeeper . . . shall not disclose . . . all or any part of a guest record orally, in writing, or by electronic or any other means to a third party." Further, California Civil Code § 53.5(c) defines "guest record" as "any record that identifies an individual guest . . . including, but not limited to, their name, social security number or other unique identifying number, date of birth, location of birth, address, telephone number, driver's license number, other official form of identification, credit card number, or automobile license plate number."

Plaintiff does not cite to any statutory or other authority besides California Civil Code section 53.5, and her reliance on that statute is unavailing. Aside from Plaintiff's name, none of the information Plaintiff intends to redact from her second amended complaint or accompanying exhibits constitutes a "guest record" as defined by California Civil Code § 53.5(c). That is,

Plaintiff's second amended complaint and accompanying exhibits do not contain her social security number, date of birth, location of birth, address, telephone number, driver's license number, credit card number, or license plate number. Consequently, the court finds Plaintiff has not demonstrated compelling reasons exist to warrant granting her permission to file her unredacted second amended complaint and accompanying exhibits under seal. Therefore, the court will deny Plaintiff's request to seal.

Accordingly,

1. Plaintiff's request to seal (Doc. No. 35) is DENIED;

2. Plaintiff's unauthorized second amended complaint (Doc. No. 36) is hereby STRICKEN from the docket; and

3. Within three (3) days from the date of this order, Plaintiff shall file an unredacted version of her second amended class action complaint.

IT IS SO ORDERED.

Dated: __**July 25, 2025**__

_____
Dena Coggins
United States District Judge