**O'MELVENY & MYERS LLP**
RANDALL W. EDWARDS (S.B. #179053)
redwards@omm.com
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

SCOTT PINK (S.B. #122383)
spink@omm.com
2765 Sand Hill Road,
Menlo Park, California 94025
Telephone:   (650) 273-2600
Facsimile:   (650) 273-2601

REBECCA A. GIROLAMO (S.B. #293422)
rgirolamo@omm.com
400 South Hope Street, 19th Floor
Los Angeles, California 90071
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

VY N. MALETTE (S.B. # 341898)
vnguyen@omm.com
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Telephone:   (949) 823-6900
Facsimile:   (949) 823-6994

Attorneys for Defendant
HARD ROCK CAFE
INTERNATIONAL (USA), INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINA KING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARD ROCK CAFE INTERNATIONAL (USA), INC.,<br><br>Defendant. | Case No. 2:24-cv-01119-DC-CKD<br><br>**HARD ROCK CAFE INTERNATIONAL (USA), INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>*Accompanying Documents*:<br>Notice of Motion to Dismiss and Motion; Memorandum of Points and Authorities in Support of Motion to Dismiss; Declaration of Robert Kantor; Declaration of Rebecca Girolamo<br><br>Date:         October 17, 2025<br>Time:        1:30 PM<br>Courtroom: 8, 13th Floor<br>Judge:        Hon. Dena Coggins |

**I.     INTRODUCTION**

Pursuant to Federal Rule of Evidence 201, Hard Rock Cafe International (USA), Inc. ("Hard Rock") requests that the Court take judicial notice of the following items under Federal Rule of Evidence 201 and because they are incorporated by reference into Plaintiff's Second Amended Class Action Complaint (the "Complaint"), for purposes of Hard Rock's Rule 12(b)(6) motion:

- Exhibit A of the Declaration of Rebecca Girolamo: Hard Rock Terms of Use (July 21, 2014), available at https://www.hardrock.com/terms-conditions.aspx
- Exhibit B of the Declaration of Rebecca Girolamo: Hard Rock Hotels Privacy Policy (June 1, 2022), available at https://web.archive.org/web/20230308193701/https://www.hardrockhotels.com/privacy.aspx
- Exhibit C of the Declaration of Rebecca Girolamo: Hard Rock Hotels Privacy Policy (June 24, 2025), available at https://hotel.hardrock.com/privacy.aspx
- Exhibit D of the Declaration of Rebecca Girolamo: Hard Rock Hotel & Casino Sacramento Cookie Banner, available at https://hotel.hardrock.com/
- Exhibit E of the Declaration of Rebecca Girolamo: Meta's Terms of Service, available at https://www.facebook.com/legal/terms
- Exhibit F of the Declaration of Rebecca Girolamo: Meta's Privacy Policy, available at https://www.facebook.com/privacy/policy
- Exhibit G of the Declaration of Rebecca Girolamo: Meta's Cookies Policy available at https://www.facebook.com/policies/cookies
- Exhibit H of the Declaration of Rebecca Girolamo: Meta Business Tool Terms available at https://www.facebook.com/legal/terms/businesstools
- Exhibit 1 of the Declaration of Robert Kantor: Unity by Hard Rock Loyalty Program Terms and Conditions (September 27, 2022)
- Exhibit 2 of the Declaration of Robert Kantor: Unity by Hard Rock Privacy Policy (November 12, 2022)

1    The Court may consider these documents as part of Hard Rock's motion to dismiss based on the principles of judicial notice and incorporation by reference because the Terms and Policies are not subject to reasonable dispute, form the agreement between the parties, are core to Plaintiff's claims, and are expressly referenced in Plaintiff's complaint. *See* SAC at ¶¶ 67 n.45-46, 68 n.47-49, 69-70, 74 n.50-53, 75 n.54-55, 76 n. 56-57, 77 n.58-59, 78, 79 n.61-62. Hard Rock is offering the documents because, as the governing agreements, their words are legally operative acts, not hearsay. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004).

The Court may deem these documents incorporated by reference because the Complaint refers to these documents and they form the basis for Plaintiff's claims. When a court deems a document incorporated by reference, it may assume its contents are true for the purposes of a motion to dismiss under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). In addition, the operative versions of these Terms and Conditions and the Privacy Policy on October 5, 2023 and January 12, 2024—when Plaintiff King alleges that she accessed Hard Rock's website, SAC ¶ 3—are all readily accessible to the public and not subject to reasonable dispute, making them proper for judicial notice under Rule 201 for that reason as well.

Some courts treat the incorporation by reference doctrine as part of judicial notice, while others treat them as distinct. *Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057 (N.D. Cal. 2017). Either way, however, the incorporation by reference doctrine supports consideration of these materials, as do principles of judicial notice based on the public nature of the documents, whose terms and disclosures cannot reasonably be contested.

## II.    ARGUMENT

Federal Rule of Evidence 201 permits a court to take judicial notice of a fact "not subject to reasonable dispute" because the fact is either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In addition, under Rule 201, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in

1  ruling on a 12(b)(6) motion to dismiss." *See, e.g., Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("A court[ ] may [consider] 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" and "treat such documents as part of the complaint") (citations omitted); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (same); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (same); *Khoja*, 899 F.3d at 1002-03 (a court may take notice of an adjudicative fact not subject to reasonable dispute); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of company's terms and conditions and privacy policy).

The Court may deem Exhibits A-H of the Girolamo Declaration incorporated by reference. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d at 813–14 (incorporating by reference Google's Terms of Service and Privacy policy where these documents "form[ed] the basis" for Plaintiffs claims); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (on Rule 12(b)(6) motion, courts "must consider … documents incorporated into the complaint by reference, and matters on which a court may take judicial notice); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (court may consider extrinsic document if claim "depends on the contents of [the] document"); *Hoey v. Sony Elecs., Inc.*, 515 F. Supp. 2d 1099, 1103 (N.D. Cal. 2007) (court may take judicial notice of document if complaint refers extensively to it or if it forms basis of plaintiffs' claims). Plaintiff's California Invasion of Privacy Act ("CIPA") claim based on Hard Rock's purported sharing of consumer information pertaining to herself and other putative class members is predicated on the allegation that personal information that was entered in the hotel booking process was collected by pixel tracking technology and shared with third parties without her consent. A key issue is what Plaintiff (and proposed class members) were told, and agreed to, in the terms and the policy.  Here, Hard Rock's Terms of Use, Privacy Policies and Cookies Banner, and Meta's Terms, Privacy Policy, Cookies Policy and Meta Business Tools are appropriate for judicial reference because Plaintiff's Complaint extensively references and quotes terms from governing documents. *See* SAC at ¶¶ 67 n.45-46, 68 n.47-49,

69-70, 74 n.50-53, 75 n.54-55, 76 n. 56-57, 77 n.58-59, 78, 79 n.61-62; *In re Sorrento Therapeutics*, 2021 WL 6062943, at *4 (incorporating by reference document quoted from and referenced in complaint).

Incorporation by reference also is appropriate here because it fulfills the purpose of the doctrine, namely, to prevent Plaintiff from highlighting only the portions of Hard Rock and Meta Terms and Policies that support her claims while omitting the portions of those same documents that weaken her claims. *McCoy v. Alphabet, Inc*., No. 20-CV-05427-SVK, 2021 WL 405816, at *2 (N.D. Cal. Feb. 2, 2021)( "[t]he doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.") (internal quotation marks omitted). Exhibit B is Hard Rock's Privacy Policy, dated June 1, 2022, which was in effect when Plaintiff accessed Hard Rock's website between March 29, 2023 and June 6, 2023. Exhibit C is Hard Rock's current operative Privacy Policy, dated March 15, 2024. Exhibit B and C are versions of Hard Rock's Privacy Policy containing substantially similar operative language and should be incorporated together for completeness.

The Court may also take judicial notice of Exhibit A-H of the Girolamo Declaration and Exhibit 1-2 of the Kantor Declaration. These documents are publicly available documents available on Hard Rock, Unity and Meta's webpages. Plaintiff references and quotes Hard Rock's Terms of Use and Privacy Policy in the Complaint, see SAC at ¶¶ 67, n.45-46, and included screenshots of an expansion of Hard Rock's "Cookies Settings" from its Cookie banner. *Id.* ¶ 69. She also stated in the Complaint that she "created a Facebook account," *Id.* ¶ 3 and "[w]hen first signing up for Facebook, a user assents to three agreements: the Meta Terms of Service, Cookies Policy, and Privacy Policy." *Id.* ¶¶ 74 n.50-52. Plaintiff is also a member of Unity, Hard Rock's loyalty membership program, and has accepted Unity's Terms and Conditions and Privacy Policy that were in effect at the time she accessed Hard Rock's website. Kantor Decl., ¶¶ 7-10, Exs. 1-2. Her Complaint quoted Unity's Terms and Conditions and Privacy Policy. *Id.* ¶ 68 n. 47-49. The Court may take judicial notice of statements in the public realm, including a company's terms and

1   conditions and privacy policy, even without assuming the truth of those statements asserted in the
2   documents. See *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (collecting
3   cases holding that "documents [that] appear on publicly available websites and . . . proper
4   subjects for judicial notice"); *Minkler v. Apple Inc*., 2014 WL 4100613, at *1 n.1 (N.D. Cal. Aug.
5   20, 2014) (taking judicial notice of "Hardware Warranty . . . because [its] accuracy is not disputed
6   and [it is] referenced in the Complaint"); *Doron Precision Sys., Inc. v. FAAC, Inc*., 423 F. Supp.
7   2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take
8   judicial notice of information publicly announced on a party's website, as long as the website's
9   authenticity is not in dispute and 'it is capable of accurate and ready determination.'") (quoting
10  Fed. R. Evid. 201). The Court should take judicial notice of Exhibits A-H of the Girolamo
11  Declaration and Exhibits 1-2 of the Kantor Declaration because it has taken notice of these types
12  of documents previously. See, e.g., *Opperman v. Path, Inc*., 84 F. Supp. 3d 962, 976 (N.D. Cal.
13  2015) (taking judicial notice of Privacy Policy); *Rutter v. Apple Inc*., No. 21-CV-04077-HSG,
14  WL 1443336, at *3 (N.D. Cal. May 6, 2022) (granting request for judicial notice of Terms and
15  Conditions).

16  **III.    CONCLUSION**

17      For these reasons, Hard Rock requests that the Court grant its request for judicial notice
18  and incorporation by reference.

21  Dated:  August 13, 2025              O'MELVENY & MYERS LLP
                                         By:    */s/ Randall W. Edwards*
22                                              Randall W. Edwards

23                                       *Attorney for Defendant Hard Rock Cafe
                                         International (USA), Inc.*